Peter M. Kelly, Attorney, Kelly, Durham & Pittard, L.L.P., Houston, TX, Brad Thomas Wyly, Wyly & Cook, P.L.L.C., Houston, TX, for Defendant-Appellant

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

After her recreational vehicle was vandalized, appellant Marie Costello submitted a damage claim under an insurance policy issued by appellee RLI Insurance Co. The recreational vehicle was not registered when it was vandalized, and RLI denied Costello's claim based on a provision that excludes coverage for losses to the recreational vehicle if it "does not have a valid motor vehicle registration at the time of the loss." RLI also filed this declaratory-judgment action, seeking a judicial determination that there was no coverage under the policy.

The district court agreed and granted summary judgment to RLI. In particular, the district court rejected Costello's argument that Texas Insurance Code section 862.054—Texas's anti-technicality statute—precludes RLI from relying on the vehicle-registration exclusion as a defense to coverage. Emphasizing the Texas Supreme Court's recent discussion of that statute in *Greene v. Farmers Insurance Exchange*, 446 S.W.3d 761 (Tex. 2014), the district court noted that the statute applies only to "breaches." Thus, the district court reasoned, because no breach occurred in this case, the statute is inapplicable. The district court also considered other Texas Supreme Court cases that Costello claims differentiate this case from *Greene*, and the court distinguished those cases in much the same way that the Texas Supreme Court itself distinguished them in *Greene*.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Having reviewed the briefs and the record, we AFFIRM for essentially the reasons given by the district court.

**Anthony WHITEHURST; Anthony Whitehurst, ON BEHALF OF his Minor child M.W., Plaintiffs–Appellants**

v.

**Thomas L. COUGILL; Charles T. Miers; Richard Simses; Jon C. Vicklund; James L. Ray; Kyle D. Giacco; William T. Green, III; Willingham, Fultz & Cougill, L.L.P.; Winstead, P.C.; Daw and Ray, L.L.P.; William T. Green, P.C.; Bill Burke, Defendants–Appellees**

Summary Calendar
No. 17–20302

United States Court of Appeals, Fifth Circuit.

September 6, 2017

Anthony Whitehurst, Baytown, TX, pro se.

Kyle Douglas Giacco, Esq., Daw & Ray, L.L.P., Houston, TX, Demetri Anastasiadis, Office of the Attorney General, Austin, TX, Murray Jules Fogler, Esq., William Tate Green, III, for Defendants–Appellees.

Thomas L. Cougill, Houston, TX, pro se.

William T. Green, III, Houston, TX, pro se.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kyle D. Giacco, pro se.

Before REAVLEY, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM: *

Having read all of ·Appellant's brief and also the complaint that was filed to initiate the lawsuit. There is no legal claim of error that would give this court jurisdiction to change the judgment of the district court. Appellant has written well about historical problems and even about courts' jurisdiction, but he fails to allege any legal right of his that has been violated or personal injury suffered as a consequence. This court must affirm the judgment appealed.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

